IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**SCOTT GARRETT, et al.,**

      **Plaintiffs,**

**v.**                              **No. CIV 10-71 BB/ACT**

**TRENCHLESS INFRASTRUCTURE TECHNOLOGIES, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER

**THIS MATTER is before the Court on the** *Motion* **of Daniel W. Cook** *to Set Aside or Reconsider "Order on Claim of Exemption and Order to Pay in Execution Proceeding"* **(Doc. 68)** *Allowing Claim of Exemptions, and Request for Referral to Court Mediator for Payment Plan* **(Doc. 70). After consideration of all submissions of Mr. Cook and Defendant Wells Fargo, the Court finds the** *Motion* **lacks legal merit.**

### *Legal Standard*

**The Federal Rules of Civil Procedure do not recognize a "motion to reconsider."** *Van Skiver v. United States*, **952 F.2d 1241, 1243 (10th Cir. 1991). Where, as here, a motion requests reconsideration of a final decision upon which final judgment has been entered, it will typically arise in one of two ways: (1) under Federal Rule of Civil**

Procedure 59 as a motion for a new trial or to alter or amend the judgment, if filed before or within 28 days following entry of the judgment; or (2) if filed subsequent under Federal Rule of Civil Procedure 60 as a motion for relief from judgment.  *See Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005).  Here, the motion to reconsider was filed within "28 days after the entry of the judgment" as required by Federal Rule of Civil Procedure 59(e).  Accordingly, the Court will construe the motion as a Rule 59(e) motion to alter or amend judgment.  *See Van Skiver*, 952 F.2d at 1243 (motion to reconsider filed within Rule 59(e) time limit should be construed as a Rule 59(e) motion).

A Rule 59(e) motion should be granted only to correct manifest errors of law or to present newly discovered evidence.  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).  "It is not appropriate to revisit issues already discussed or advance arguments that could have been addressed in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### *Discussion*

Mr. Cook's complaint is that he forgot to file an exemption in the prior bankruptcy for certain personal property and there is "something terribly wrong with a multibillion dollar bank like Wells Fargo Bank, N.A., knowingly pursuing exempt personal property ...." (Mot. Set Aside p. 3).  Federal Rule of Civil Procedure 69(a)(1) states that the procedure for executing on a money judgment "must accord with the

procedure of the state where the court is located ...." New Mexico Rule of Civil Procedure 1-065.1 therefore sets forth the procedure for obtaining a writ of execution.

Wells Fargo fully complied with New Mexico Rule 1-065.1's procedures for executing on Wells Fargo's money judgment against Mr. Cook for attorneys' fees. Wells Fargo mailed Mr. Cook a Notice of Right to Claim Exemptions from Execution and a Claim for Exemptions on Execution form on October 1, 2010. Mr. Cook did not file a claim of exemptions or even seek to do so until he filed the instant motion 45 days later. Mr. Cook ignored his right to claim exemptions from execution. He is deemed to have waived that right.

Mr. Cook now requests permission to file his claim of exemptions late, asserting excusable mistake and manifest injustice. However, in violation of D.N.M.LR Civ. 7.3(a), Mr. Cook cites no authorities that establish any legal exception to the rule that a judgment debtor who fails to timely claim exemptions is deemed to have waived the right to do so. Essentially, Mr. Cook asks the Court to create one out of thin air simply because Mr. Cook "never found the time" to pick up his mail and because "it did not 'hit Cook'" that a big corporation like Wells Fargo would execute on its judgment. The Court will decline Mr. Cook's request to fabricate an exception to Rule 1.065.1(E), particularly given that Mr. Cook either neglected to or deliberately chose not to claim his exemptions.

**O R D E R**

**Daniel W. Cook's** *Motion for Reconsideration* **is DENIED for the reasons stated above.**

**SO ORDERED this 5th day of January, 2011.**

_____

**BRUCE D. BLACK**
**Chief Judge**